**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Frank Edward Vann, )
    Petitioner, )
        v. )   CV 05-2770-PHX-DGC (MS)
C.T. Derosa, )
    Respondent. )   **O R D E R**

**I. Background**

Petitioner Frank Edward Vann, presently confined in the Federal Correctional Institution in Phoenix, Arizona, has filed with the Clerk of Court a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner has paid the $5.00 filing fee. Petitioner raises three grounds challenging the propriety of his federal conviction and sentence, imposed by the United States District Court for the Western District of Oklahoma. The Court will dismiss the petition.

**II. Discussion**

A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the appropriate method for challenging a federally imposed conviction or sentence. 28 U.S.C. § 2255; United States v. Hayman, 342 U.S. 205, 217 (1952); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988). A § 2241 petition for writ of habeas corpus is not a substitute for a motion under § 2255. McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

A prisoner authorized to apply for § 2255 relief may not bring a § 2241 petition for a writ of habeas corpus if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy

by motion is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255; <u>United States v. Pirro</u>, 104 F.3d 297, 299 (9th Cir. 1997). The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the petitioner. <u>McGhee</u>, 604 F.2d at 10.

Here, Petitioner challenges the legality of his federal conviction in the Western District of Oklahoma. These claims can be raised in a § 2255 motion. <u>See</u> 28 U.S.C. § 2255; <u>Tripati</u>, 843 F.2d at 1162. Accordingly, Petitioner is precluded from raising his claims in a habeas petition pursuant to 28 U.S.C. § 2241. Because a § 2255 motion may be brought only in the sentencing court, this petition will be dismissed for lack of jurisdiction. <u>See</u> 28 U.S.C. § 2255; <u>Tripati</u>, 843 F.2d at 1163.

**IT IS ORDERED** that the Petition and this action are dismissed for lack of jurisdiction and the Clerk of Court shall enter judgment accordingly.

DATED this 13th day of July, 2006.

_____
David G. Campbell
United States District Judge